JS 44 (Rev 06/17)                                            CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM)*

## I. (a) PLAINTIFFS
Lynee Boney

**(b)** County of Residence of First Listed Plaintiff: Philadelphia
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Jonathan Chase, Esq. - Kraemer Manes & Associates LLC
1628 JFK Blvd, Suite 1650, Philadelphia, PA 19103
(215) 475 3504 Direct

## DEFENDANTS
MyDoc Urgent Care            19   2309

County of Residence of First Listed Defendant: Philadelphia
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*
- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability |  | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander |  | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability |  | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine |  | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise |  |  | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
|  |  |  | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation |  | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee |  | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence |  | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General |  |  |  |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** |  | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application |  |  |
|  | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions |  |  |
|  | / ☐ 550 Civil Rights |  |  |  |
|  | / ☐ 555 Prison Condition |  |  |  |
|  | / ☐ 560 Civil Detainee - Conditions of Confinement |  |  |  |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*
42 U.S.C. §§ 2000e, et seq. & 42 U.S.C. §§ 12101, et seq. & 29 U.S.C. §§ 201, et se & 43 P.S. §§ 333.101, et seq

Brief description of cause:
Title VII - PDA - ADA - PA MWA

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE                                    DOCKET NUMBER

DATE: 05/24/2019

SIGNATURE OF ATTORNEY OF RECORD
*/s/ J Chase/*

MAY 28 2019

**FOR OFFICE USE ONLY**

RECEIPT #        AMOUNT        APPLYING IFP        JUDGE        MAG JUDGE

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19-CV-2309

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __41 E Washington Ln, Philadelphia, PA 19144__

Address of Defendant: __1420 Locust Street, Philadelphia, PA 19102 & 3717 Chestnut Street, Suite 202, Philadelphia, PA 19102__

Place of Accident, Incident or Transaction: __1420 Locust Street, Philadelphia, PA 1910__

---

**RELATED CASE, IF ANY:**

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐  No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐  No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐  No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: 05/24/2019       /s/ Jonathan Chase        312448
                      *Attorney-at-Law / Pro Se Plaintiff*      *Attorney I D # (if applicable)*

---

**CIVIL:** (Place a √ in one category only)

**A. Federal Question Cases:**
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☑ All other Federal Question Cases
    *(Please specify):* Title VII - PDA - ADA - PA MWA

**B. Diversity Jurisdiction Cases:**
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury *(Please specify)* _____
7. ☐ Products Liability
8. ☐ Products Liability - Asbestos
9. ☐ All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, **Jonathan Chase, Esq.**, counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53 2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

MAY 28 2019

DATE: 05/24/2019       /s/ Jonathan Chase         312448
                      *Attorney-at-Law / Pro Se Plaintiff*     *Attorney I D # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

19  2309

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: 41 E Washington Ln, Philadelphia, PA 19144

Address of Defendant: 1420 Locust Street, Philadelphia, PA 19102 & 3717 Chestnut Street, Suite 202, Philadelphia, PA 19102

Place of Accident, Incident or Transaction: 1420 Locust Street, Philadelphia, PA 1910

---

*RELATED CASE, IF ANY:*

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not ~~related to any case~~ now pending or within one year previously terminated action in this court except as noted above.

DATE: 05/24/2019     /s/ *Attorney-at-Law / Pro Se Plaintiff*     312448 *Attorney ID # (if applicable)*

---

**CIVIL:** (Place a ν in one category only)

**A. Federal Question Cases:**

☐ 1. Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2. FELA
☐ 3. Jones Act-Personal Injury
☐ 4. Antitrust
☐ 5. Patent
☐ 6. Labor-Management Relations
☐ 7. Civil Rights
☐ 8. Habeas Corpus
☐ 9. Securities Act(s) Cases
☐ 10. Social Security Review Cases
☑ 11. All other Federal Question Cases
   *(Please specify)* Title VII - PDA - ADA - PA MWA

**B. Diversity Jurisdiction Cases:**

☐ 1. Insurance Contract and Other Contracts
☐ 2. Airplane Personal Injury
☐ 3. Assault, Defamation
☐ 4. Marine Personal Injury
☐ 5. Motor Vehicle Personal Injury
☐ 6. Other Personal Injury *(Please specify)* _____
☐ 7. Products Liability
☐ 8. Products Liability – Asbestos
☐ 9. All other Diversity Cases *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration)*

I, Jonathan Chase, Esq., counsel of record or pro se plaintiff, do hereby certify

☑ Pursuant to Local Civil Rule 53.2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☐ Relief other than monetary damages is sought

MAY 28 2019

DATE: 05/24/2019     /s/ *Attorney-at-Law / Pro Se Plaintiff*     312448 *Attorney ID # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Lynee Boney : CIVIL ACTION
v. : 19  2309
MyDoc Urgent Care : NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.                                 ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.                                           ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.           ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.                                                                                    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court.  (See reverse side of this form for a detailed explanation of special
management cases.)                                                                                       ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                       (X)

| 5/24/2019 | Jonathan Chase, Esq. | Lynee Boney |
|---|---|---|
| **Date** | **Attorney-at-law** | **Attorney for** |
| (215) 475 3504 Direct | (215) 734 2466 Fax | jwc@lawkm.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAY 28 2019

**Civil Justice Expense and Delay Reduction Plan**
**Section 1:03 - Assignment to a Management Track**

(a)     The clerk of court will assign cases to tracks (a) through (d) based on the initial pleading.

(b)     In all cases not appropriate for assignment by the clerk of court to tracks (a) through (d), the plaintiff shall submit to the clerk of court and serve with the complaint on all defendants a case management track designation form specifying that the plaintiff believes the case requires Standard Management or Special Management. In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

(c)     The court may, on its own initiative or upon the request of any party, change the track assignment of any case at any time.

(d)     Nothing in this Plan is intended to abrogate or limit a judicial officer's authority in any case pending before that judicial officer, to direct pretrial and trial proceedings that are more stringent than those of the Plan and that are designed to accomplish cost and delay reduction.

(e)     Nothing in this Plan is intended to supersede Local Civil Rules 40.1 and 72.1, or the procedure for random assignment of Habeas Corpus and Social Security cases referred to magistrate judges of the court.

**SPECIAL MANAGEMENT CASE ASSIGNMENTS**
**(See §1.02 (e) Management Track Definitions of the**
**Civil Justice Expense and Delay Reduction Plan)**

Special Management cases will usually include that class of cases commonly referred to as "complex litigation" as that term has been used in the Manuals for Complex Litigation. The first manual was prepared in 1969 and the Manual for Complex Litigation Second, MCL 2d was prepared in 1985. This term is intended to include cases that present unusual problems and require extraordinary treatment. See §0.1 of the first manual. Cases may require special or intense management by the court due to one or more of the following factors: (1) large number of parties; (2) large number of claims or defenses; (3) complex factual issues; (4) large volume of evidence; (5) problems locating or preserving evidence; (6) extensive discovery; (7) exceptionally long time needed to prepare for disposition; (8) decision needed within an exceptionally short time; and (9) need to decide preliminary issues before final disposition. It may include two or more related cases. Complex litigation typically includes such cases as antitrust cases; cases involving a large number of parties or an unincorporated association of large membership; cases involving requests for injunctive relief affecting the operation of large business entities; patent cases; copyright and trademark cases; common disaster cases such as those arising from aircraft crashes or marine disasters; actions brought by individual stockholders; stockholder's derivative and stockholder's representative actions; class actions or potential class actions; and other civil (and criminal) cases involving unusual multiplicity or complexity of factual issues. See §0.22 of the first Manual for Complex Litigation and Manual for Complex Litigation Second, Chapter 33.



KRAEMER, MANES & ASSOCIATES LLC

| | |
|---|---|
| JONATHAN W. CHASE<br>PARTNER<br>DIRECT (215) 475-3504<br>FAX (215) 734-2466<br>JWC@LawKM.com | 8 PENN CENTER<br>1628 JFK BLVD, SUITE 1650<br>PHILADELPHIA, PA 19103<br>OFFICE (215) 618-9185<br>www.LawKM.com |

May 24, 2019

**Via Certified Mail**
Clerk's Office
James A. Byrne U.S. Courthouse
601 Market Street, Room 2609
Philadelphia, PA 19106-1797

    **Re:   Lynee Boney v. MyDoc Urgent Care**

Dear Sir/Madam:

Enclosed please find the following with respect to the above matter:

- Original Copy of the Complaint;
- Civil Cover Sheet;
- Two (2) copies of the Designation Form;
- Case Management Track Designation Form;
- ECF Validation of Signature Form;
- A CD with a copy of each of the aforementioned documents; and
- A check in the amount of $400 for the requisite filing fee.

Please contact me if you have any questions or concerns regarding the above.

                                         Very Truly Yours,

                                         Jonathan Chase, Esq.
                       *Attorney for Plaintiff, Lynee Boney*

Enclosures

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

Lynee Boney,

    Plaintiff,

v.

MyDoc Urgent Care,

    Defendant.

Case No.

19 2309

JURY TRIAL DEMANDED

## COMPLAINT

NOW COMES Plaintiff, Lynee Boney (hereinafter referred to as "Plaintiff"), by and through her attorneys and files this Complaint alleging as follows:

### NATURE OF THE ACTION

1. Plaintiff initiates this action to redress violations of Hampton Inn (hereinafter referred to as "Defendant") Title VII of the Civil Rights Act of 1964 ("Title VII" – 42 U.S.C. §§ 2000e, *et seq.*), as amended by the Pregnancy Discrimination Act of 1978 ("PDA"), the Americans With Disabilities Act ("ADA" – 42 U.S.C. §§ 12101, *et seq.*), the Fair Labor Standards Act ("FLSA" – 29 U.S.C. §§ 201, *et seq.*), and the Pennsylvania Minimum Wage Act ("PA MWA" 43 P.S. §§ 333.101, *et seq.*).

### JURISDICTION AND VENUE

2. This action is initiated pursuant to federal law. The United States District Court for the Eastern District of Pennsylvania has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 because the claims arise under the laws of the United States.

3. This Court may properly maintain personal jurisdiction over Defendant because its contacts with this state and this judicial district are sufficient for the exercise of jurisdiction in order to comply with traditional notions of fair play and substantial justice, satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

4. Venue is properly laid in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (b)(2) because Defendant resides in and/or conducts business in this judicial district and because a substantial part of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

5. Plaintiff filed a Charge of Discrimination and retaliation with the Equal Employment Opportunity Commission ("EEOC"). Plaintiff has properly exhausted her administrative proceedings with respect to her EEOC claims by instituting the instant action within ninety (90) days of receiving a right to sue letter from the EEOC. (*See* Notice of Right to Sue, attached hereto as "Exhibit A.")

## PARTIES

6. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

7. Plaintiff is an adult individual with a primary residence located at 41 E Washington Ln, Philadelphia, PA 19144.

8. Defendant is a limited liability company with a place of business located at 1420 Locust Street, Philadelphia, PA 19102.

9. Upon information and belief, Defendant also has a location at 3717 Chestnut Street, Suite 202, Philadelphia, PA 19102.

## FACTUAL BACKGROUND

10. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

11. Plaintiff was hired by Defendant as a Medical Assistant in about September of 2016.

12. In December of 2017, Plaintiff learned that she was pregnant.

13. While at work on about February 8, 2018, Plaintiff was rushed to the hospital due to complications related to her pregnancy. Plaintiff's treating physician placed on her on a bed rest restriction for about one (1) week, and instructed her to not return to work until February 16, 2018.

14. On about February 10, 2018, Plaintiff advised Defendant's Owner, Jingjing Cai ("Ms. Cai") that she had been placed on bedrest at the direction of her treating physician and because of pregnancy-related complications. In response, Ms. Cai told Plaintiff that her hours would be reduced.

15. On February 16, 2018, Plaintiff returned to work and provided Ms. Cai with a note from her treating physician.

16. After returning work, Plaintiff was subjected to a pattern of pregnancy-related antagonism by Ms. Cai, including the following:

- Ms. Cai told told Plaintiff that her work performance was deficient because of her pregnancy; and
- Ms. Cai significantly reduced Plaintiff's hours.

17. In about early to mid-March of 2018, Plaintiff complained to Ms. Cai and stated that she believed the only reason Ms. Cai reduced her hours was because she was pregnant and had taken time off from work because of complications related to her pregnancy.

18. On about March 29, 2018, Ms. Cai accused Plaintiff of errors with respect to testing for patients, and further, told Plaintiff that would no longer be scheduled to work as a Medical Assistant, but instead would be assigned to work at the front desk. This change would result in Plaintiff working only about five (5) hours per week.

19. Because of the forgoing harassment, and the significant reduction of her hours, Plaintiff did not return to work for Defendant.

20. Plaintiff avers that she was constructively terminated from employment because of her pregnancy.

21. In addition to the above during about the first two (2) months of her employment, Plaintiff regularly worked between fifty (50) and seventy (70) hours per week.

22. Despite working in excess of forty (40) hours per week, Plaintiff was only paid straight time. That is, Plaintiff was not paid any overtime wages.

23. Defendant willfully failed to pay Plaintiff overtime wages.

## Count I
## Violations of Title VII and PDA
### (Pregnancy Discrimination and Retaliation)

24. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

25. Title VII makes it an unlawful employment practice to discharge any individual or otherwise discriminate against any individual with respect to her employment because of such individual's sex.

26. Title VII, as amended by the PDA, defines the terms "because of sex" or "on the basis of sex" to include pregnancy, childbirth, or related medical conditions.

27. Title VII, as amended by the PDA states that women affected by pregnancy, childbirth, or related medical conditions shall be treated the same for all employment-related purposes as other persons no so affected but similar in their ability to work.

28. Defendant's conduct, as described above, constitute violations of Title VII and the PDA.

## Count II
### Violations of Title ADA
### (Discrimination and Retaliation)

29. The forgoing paragraphs are incorporated in their entirety as if set forth in full.

30. Complications arising out of pregnancy are considered disabilities within the meaning of the ADA.[1]

31. As described in detail above, Plaintiff suffered from pregnancy-related complications.

32. As a result of her pregnancy-related complications, Plaintiff requested reasonable accommodations.

33. Defendant failed to grant Plaintiff's request for reasonable accommodations.

34. Within a close temporal proximity of Plaintiff's request for reasonable accommodations arising out of her pregnancy-related complications, she was subjected to adverse action, including but not limited to: 1) being threatened with termination even if she presented a doctor's note; 2) being required to perform work that was outside the scope of her pregnancy-related physical limitations; and 3) being constructively discharged from employment due to Defendant's unwillingness to grant her request for accommodations.

---

[1] *See Varone v. Great Wolf Lodge of the Poconos, LLC*, 2016 WL 1393393 (M.D Pa. 2016). *See also Oliver v. Scranton Materials, Inc.*, 2015 WL 1003981 (M.D Pa. 2015) ("[C]ourts interpreting the [ADA] in light of the 2008 amendment have found that *complications arising out of pregnancy* can constitute a disability sufficient to invoke the ADA, and that whether they actually rise to the level of disability is a question of fact.") (emphasis in original).

35. The forgoing conduct constitutes violations of the ADA.

## Count III
## Violations of the FLSA
### (Failure to Pay Overtime)

36. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

37. Defendant is an employer as defined by the FLSA.

38. At all times relevant herein, Plaintiff was an employee of Defendant as defined by the FLSA.

39. Pursuant to the FLSA all nonexempt employees must be paid at the rate of one and one-half times their regular rate for all hours worked in excess of forty (40) hours in a week.

40. At all times relevant herein, Plaintiff's job was such that she does not qualify as an exempt employee under the FLSA.

41. Defendant violated the FLSA insofar as Defendant failed to pay Plaintiff overtime wages as required by the FLSA for hours worked in excess of forty (40) hours per week.

42. Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the FLSA.

43. The above actions constitute violations of the FLSA.

44. Plaintiff is entitled to damages incurred within the three (3) years preceding the filing of this Complaint because Defendant acted willfully and knew that its conduct was prohibited by the FLSA.

45. Defendant lacks any good faith or reasonable grounds to believe that its failure to pay Plaintiff overtime was not a violation of the FLSA. Plaintiff is therefore entitled to recover liquidated damages as prescribed by the FLSA.

## Count IV
## Violations of the PA MWA
### (Failure to Pay Overtime)

46. The foregoing paragraphs are incorporated in their entirety as if set forth in full.

47. Defendant is an employer as defined by the PA MWA.

48. Defendant violated the overtime provisions of the PA MWA insofar as Defendant failed to pay Plaintiff the requisite overtime wages for all hours worked in excess of forty (40) hours per week.

49. Defendant violated the PA MWA by virtue of its failure to adequately inform Plaintiff of the applicable requirements of the PA MWA.

50. Defendant's failure to pay Plaintiff overtime was willful, intentional and malicious insofar as Defendant knew or should have known that Plaintiff was entitled to overtime, yet failed to comply with its obligations pursuant to the PA MWA.

**WHEREFORE**, Plaintiff prays that this Honorable Court enter an order that:

A. Defendant is to be prohibited from continuing to maintain its illegal policy, practice or custom of discriminating/harassing/retaliating against employees and is to be ordered to promulgate and effective policy against such unlawful acts and to adhere thereto;

B. Defendant is to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendant's illegal actions, including but not limited to past lost earnings, future lost earnings, salary, pay increases, bonuses, medical and other benefits, training, promotions and seniority. Plaintiff should be accorded those benefits illegally withheld from the date she first suffered retaliation at the hand of Defendant until the date of verdict;

C.     Plaintiff is to be awarded punitive damages, as permitted by applicable law, in an amount determined by the Court or trier of fact to be appropriate to punish Defendant for its willful, deliberate, malicious and outrageous conduct and to deter Defendant or other employees from engaging in such misconduct in the future;

D.     Plaintiff is to be accorded any and all other equitable and legal relief as the Court deems just, proper and appropriate, including but not limited to, emotional distress and/or pain and suffering damages (where legally permitted);

E.     Plaintiff is to be awarded the costs and expenses of this action and reasonable legal fees as provided by applicable law;

F.     Any verdict in favor of Plaintiff is to be molded by the Court to maximize the financial recovery available to Plaintiff in light of the caps on certain damages set forth in applicable law; and

G.     Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law. Plaintiff also has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38(b).

Respectfully Submitted,

Jonathan W. Chase, Esquire
**KRAEMER, MANES & ASSOCIATES LLC**
PA ID: 312448
1628 JFK Blvd.
Suite 1650
Philadelphia, PA 19102
(215) 475 3504 Direct
(215) 734 2466 Fax

jwc@lawkm.com

# **EXHIBIT A**

EEOC Form 161-B (11/16)     **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

| To: | Lynee N. Boney<br>41 E. Washington Lane<br>Philadelphia, PA 19144 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

[ ]   *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-03336 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA must be filed in a federal or state court **WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]   More than 180 days have passed since the filing of this charge.

[ ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]   The EEOC is terminating its processing of this charge.

[ ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Jamie R. Williamson*        2/28/19

Enclosures(s)      Jamie R. Williamson,<br>                          District Director            *(Date Mailed)*

cc:     Jing Jing Cai                                 Christa Levko, Esq.<br>      Owner                                       KRAEMER, MANES & ASSOCIATES LLC<br>      MYDOC URGENT CARE              1628 John F. Kennedy Blvd., Suite 1650<br>      1420 Locust Street                      Philadelphia, PA 19103<br>      Philadelphia, PA 19102